SCRIBNER, J.
The case of Victor Gladieux against the St. Louis Parish of Toledo, Oh:c, et al., is before us on motion submitted by the plaintiff to dismiss the appeal in this court by the defendants.
The action below was brought upon a building contract entered into between the church and the plaintiff for the erection of a certain structure described in the petition.
The plaintiff avers his full performance of the contract, and alleges the contraot price of four thousand dollars, of which three thousand dollars have been paid, leaving still due a thousand dollars; also the sum of $19.85, which is alleged as due to the plaintiff for building a sidewalk, according tc the agreement entered into between the parties.
The defendants, answering in the case, set out certain admissions of some of the immaterial allegations of the petition, but deny all the other allegations not specially admitted.
Then, by way of cross-petition, and further answering to the petition, the defendants say, that on or about July 22, 1892, they entered into a contract in writing with the plain *697 tiff in this case for the erection and completion of a two-story brick residence on the real estate in the petition described for the agreed sum of four thousand dollars and according to specifications and plans referred to in che written contract, of which á true copy is hereto attached and made part thereof, marked “Exhibit One.”
Defendants further say that there was drawn up by said plaintiff, or his amanueusis, and that it was a part of said contract to be reduced to writing, that the plaintiff should forfeit the sum of two dollars per day for each and every day after October 15, that said house should remain unfinished and uncompleted; and that said plaintiff, for the purpose of deceiving said defendants, omitted or caused tc be omitted from said written oontract the agreed provision or condition to finish said contract work by October 15, 1892. under a forfeiture of two dollars for each and every day the .eafter.
These answering defendants say that plaintiff agreed to finish said building on or before October 15, 1892, under a penalty as aforesaid and that he failed to finish the building and the same is not completed, all to their damage in the sum of $450.
Defendants further say that the plaintiff agreed to construct said house in a workmanlike manner, according to specifications here annexed, but that, in disregard ol his said obligation, under the directions of said specifications, he has failed and refused to comply with the same in his: And then there are pointed out numerous imperfections and failures of performance on the part of the plaintiff, as is claimed by the defendants, to the number of 17 — <-more than 17 in number in point of fact. And in many other regards plaintiff has failed to comply with the said plans and specifications of the contract,all to the damage of the defendants in the sum of $600. Wherefore these answering defendants praj that said contract in said petition set forth and thereto annexed be reformed as to the provision for the penalty of two dollars a day for failure to complete the building by October 15, 1892, and for judgment against the plaintiff, in the sum of $1050, and of their costs herein expended.
The plaintiff replies denying the allegations of the answer, especially the allegation of fraud in the omission of some of the alleged stipulations — as to the stipulated damage for default in the completion of the work; also the allegation relating to the imperfections in the work.
Upon these pleadings the case went to trial before the court of common pleas and a jury having been empaneled to *698 try the issues entered into or made up between the parties.
The jury found a verdict for the plaintiff for the substantial amount of his claim. Thereupon the court made an entry in which this language appears: “And thereupon in accordance with the verdict of the jury duly rendered in this action the court find there is now due (so much money) and rendered judgment thereon.’’
. A bond to perfect appeal having been filed, it was duly transferred to the clerk of this court, and the plaintiff filed his motion to dismiss appeal on the ground that the case is one in which neither party was entitled to demand a trial by jury; that a jury was demanded to try the case, and that therefore neither party has a right to appeal. It is upon that motion that the case has been heard.
As I have stated, the plaintiff does not demand personal judgment in the case. He sets up the fact constituting his claim against the defendants, and the petition proceeds:
“Wherefore, plaintiff prays that an account may betaken of the amount due him upon said claim, and that the same may be declared a first lien on said lot, and that the liens thereon may be marshalled and said lot sold, and his said claim with interest thereon paid from the proceeds of said sale, and for such other and further relief as he may be entitled to, ” etc.
Manifestly there is here no claim for personal judgment; nothing which would entitle the plaintiff tc demand a trial by jury.
The answer, as has been shown, alleges fraudulent conduct cn the part of the plaintiff, taking issue with certain allegations in the petition as to the performance cf work. The defendant alleges that the plaintiff perpetrated a fraud upon the defendants in this: That the contract was drawn by plaintiff; that it was a part of the contract and was to be reduced to writing, that said plaintiff was to pay to .these defendants the sum of two dollars per day for each and every day after October 15, 1892, that said house should remain unfinished and uncompleted: and that said plaintiff purposely, and to deceive those defendants, omitted or caused to be omitted from said contract the agreed provision or condition to finish said contract work by October 15, 1892, under penalty an forfeiture of two dollars per day for each and every day cf delay after that time. And the defendants allege damage to the extent cf some $450.
New, it appears bythe ruling of the supreme court in the case of Ellsworth v. Holcomb, 28 Ohio St., 66—at least it *699 was referred to in the argument, that pleadings containing allegations of that kind, if the facts are sufficient to make a case of fraud, or present such a cause of action within the original or any cross-petition, it is appealable to the appellate court.
In the case of Ellsworth v. Holcomb, supra, the first paragraph of the syllabus reads as follows:
“Where a plaintiff brings an action for the reformation of a written contract, and at the same time asks for a money judgment, to which he would 'be entitled only in the event of his obtaining the equitable relief sought; and the only issue of fact made by the pleadings is on the right to such equitable relief, neither party has a right to demand that such issue shall be tried by a jury.”
Here the defendants in their cross-petition pray for a reformation of the contract in the particular which I have.referred to, and they ask that judgment may be rendered upon the contract as reformed and the damages they have sustained in consequence of the failure, as alleged by them, on the part of the plaintiff to comply with the terms of the contract in the particular there complained of, and the allegations of the cross-petition in this regard are not sufficient to make a case clearly, it seems to us, and under the ruling of the court in the case of Ellsworth v. Holcomb, supra, the parties defendant would have the right to appeal from the judgment or finding against them as the issue was made here in regard to this particular matter complained of.
It is quite questionable whether or not 'the facts alleged in this cross-petition in this regard are sufficient to make a case. It is alleged that the cross-petitioners were ignorant of the fact that this omission was made and that the plaintiff failed to insert the provision which was agreed upon and in some other respects the petition seems tebe somewhat defective in that regard; but we do not think that these omissions or defects would deprive a party of his right to appeal.
A man may set out or undertake to set cut an equitable cause of action in his petition or in bis cross-petition; he may fail to insert all the material allegations that- are essential’to such cause of action; nevertheless, if the complaint be of an equitable nature, he may appeal, and in an appellate court obtain further leave to amend and perfect the allegations of his petition.
This appears in the ruling of the court found in the case of Grant, etc., v. Ludlow’s Admr. et al., 8 Ohio St., 1, 31, 32, where the court say:
*700 “Like a cause appealed into the district court from the court of common pleas, we take up the case at the point where it stood when reserved; and, as in cases of appeal, have the same control ever the subject matter of the action, the pleadings, and, if necesssary, the issuing and service of process, and the final determination of the case, as the district court could have exercised, had that court retained it for final adjudication.”
And further, the court say:
“But it not unfrequently happens, especially in equity cases, that facts and allegations necessary to determine the subject matter of the original cause of action, and' dependent upon, and growing out of the original causes of action, have been omitted in the pleadings below, or the cause of action is imperfectly stated. Such amendments have been heretofore allowed on appeals in this state; and when the collateral facts, in equity suits, made it necessary to bring a new party before the court, it has been allowed. Such amendments are made for the purpose of settling and fully determining the cause of action appealed.”
Applying this doctrine to the language of the cross-petition under consideration here, that if the allegations are not sufficiently clear to make an equitable cause for relief, that upon an amendment of the cross-petition such allegations may be supplied, if the party desires to supply them, and that if he be able to make good averments in his cross-petition in respect to the alleged fraud in omitting a material condition from the contract, he is entitled to appeal his case to the oircuit court upon the allegations in his cross-petition, and the issues taken as to those allegations as to what shall be done with the case in the event that, upon the final determination, the issue made as to the fraud is left uncertain and undetermined by the court.
Then,as tc the.remaining part of the case — the further allegations of the answer and cross-petition are that the plaintiff has failed to perform the contract according to its terms, and that the work and materials are defective in many particulars, all tc the damage of the defendants in the sum of $600, for which judgment is prayed against the plain-tiff.
At first sight, it would seem that these averments of the answer and cross-petition make an equity case <r counter claim or cross action on the part of the defendant below against the plaintiff. That is tc say, if the plaintiff himself were not there suing upon this contract and demanding the contract price of his work and materials, the defendants *701 would be suing him upon his contract in an original action to recover damages. Of course, if issues were taken in such a case, it would indicate a cause of action for trial by jury. But it will be observed here that the plaintiff is suing for $1,019 and some odd cents. If that amount is d.ue, even •conceding that the defendants have a cause of action as is claimed by them upon the grounds of .complaint as is claimed by them upon a building contract; nevertheless, they could claim nothing-beyond an insignificant sum in the way of damages because, according to the contract price, they are still owing the plaintiff the sum of one thousand dollars in addition to the $19 and some odd cents for the amount of the sidewalk expense. .
The defendants, it is true, allege that they have suffered .damages in excess of the damages that the plaintiff claims, but it is very slightly in excess. Their ' complaint really stands in the nature of a defense against the claim of the plaintiff, and not as an independent cause of action upon which they are entitled to recover as against the plaintiff, it being conceded that they have paid the plaintiff all but the sum of $1,019 of the amount that is to be paid for the work and labor.
It is a case then, according to the facts set up by the defendants, assuming the statements in that regard to be true ■ — it is a case, not for the recovery of damages, not for a judgment for damages, unless it might be for an insignificant sum. It is a matter of defense, not a matter of recovery against the plaintiff. We doubt very much whether, in such a case as that, where a plaintiff brings an action in •equity to enforce a mechanic’s lien and the defendant comes forward and admits the making of a contract and alleges non-performance or breach of contract on the part of the plaintiff whereby he has not earned his contract price — we •doubt very much whether, under such circumstances, if the case is taken from the equitable jurisdiction of the court where it is put by the petition of the plaintiff, it presents an action at law for trial by jury.
But aside from that, if it should be found that an action .at law was presented by the answer and cross-petition, cn trial in the determination of that to a jury, if that is the proper tribunal, and an appeal taken in the case would not open up the law matter that was submitted to be tried by a jury, it is conclusive that if the appeal takes up anything, it takes up only the equitable matters outside of the law claims which have been submitted and tried.
*702 In the case of Sallady v. Webb, 2 Ohio C. C., 553, which was fully relied upon by this court in the case of Brack v. Gaa et al., 6 Ohio C. C., 580, is found quite an interesting discussion of a kindred subject of which I will read the following four paragraphs, being the syllabus:
“1 If the plaintiff sets out in.his petition an equitable cause of action, and no issue of fact is taken on the aver-ments thereof; but the defendant sets up new matter in his-answer constituting a legal cause of action, which, if established, will extinguish the case made in the petition, such legal cause of action is triable by jury.
“2. The plaintiff may appeal from a decree in such case-dismissing his petition, although the decree is based upon a finding that the sum due on the legal cause of ' action is-equal to or exceeds that claimed by him in his petition, and thus extinguished it.
“3. That such appeal does not open and bring for re-trial1 in the circuit court the issues joined and tried in the court of common pleas upon the new matter set cut in the defendant’s answer.
“4. That if. in the circuit court, no issue is taken on the averments of the petition, the court will render such decree, as the justice of the case requires in view of the case confessed in the petition, and of the legal rights of the parties as settled in the court below.”
The following is the statement of facts in the case of Sallady v. Webb, supra:
“This aotion was brought to foreclose a mortgage given by-defendant Webb in 1881, to his co-defendant, Wheeler, and assigned by Wheeler to the plaintiff. No issue was taken on. the averments of the petition.1 Webb, the mortgagor, answered, setting up: 1. That his co-defendant, Wheeler, in-1874, sold him the mortgaged premises, and that the mortgage was executed by him to Wheeler to secure the balance-of the purchase money unpaid at the date of the mortgage. 'That Wheeler had induced him to purchase the premises by-misrepresenting the location of their boundaries, having-no reasonable grounds to helieve the statements to be true, and that he wao greatly damaged thereby.
“2. That Wheeler, at and before the time the mortgage-was assigned, was indebted to him'for timber before that-time sold and delivered to Wheeler. The reply denied the-averments of the answer.”
The opinion in this cause was delivered by Judge Bradbury who afterwards became one of the judges of the supreme court, and he says:
*703 “This action was brought by the assignee of the mortgage - to foreclose it, the plaintiff making both mortgagor and mortgagee defendants. There was no prayer for a personal judgment.
“The petition set forth a cause of action, purely equitable, in which neither party had a right to a trial by jury, and therefore, by sec. 5226, Rev. Stat., either party could appeal to the circuit court.
“The fact that no issue was joined on the averments of .the petition, cannot be held tc defeat the right to appeal: ■ there is nc such express limitation of this right made by the statute providing for the appeal. And it is clear that in cases where no issue of fact is taken on the averments of the petition, the deleated party may appeal from a .decree adjusting his rights upon the facts stated therein, as in oases where, upon issue joined, the court has -found the facts against him. The veiy point of contention may well be over disputed rules of law applicable to admitted facts. The right to appeal is given in the broadest terms; the language of the statute cannot be construed to confine this right to cases in which the contuntion is, in whole or in part, over the facts. Tf this view is correct, it would seem to follow that the right to appeal the case made in the petition, cannot be defeated by the defendant setting up in his answer a legal cross-demand which he may do or not at his election, but'which if he does set up, compels the plaintiff to take issue upen, or be defeated in his action. The motion to dis-miss the appeal is therefore overruled.
“The plaintiff’s appeal being sustained, the defendant Webb, confesses his petition to be true by taking no issue upon its averments, but moves the court for a decree finding that the plaintiff’s claim therein set forh is extinguished by the finding of the court below on the legal cross-demands set up by him in his answer, the court below, as disclosed by the record, having found due Webb, thereon, from the plaintiff’s assignors, a sum of money.greater that the plaintiff claimed in his petition. The motion is founded upon the claim, that the appeal of the plaintiff did not open up, for re-trial in this court, the issues of fact joined in the-court below on the defendant’s cross-demand.”
Then the court quotes from the statute upon the subject-,, and also quotes from the case of Buckner v. Mear, 26 Ohio St. 514, which shows wherein that case differed from the - one before him, and then the learned judge says:
“We therefore hold, that the appeai of the plaintiff in* *704 this case did not opoD for re-trial in this court the issues joined in the court below on the cross-demands set up by Webb, and we decline to hear evidence relating thereto. And it appearing by the record, that the sum found by the court below due to Webb on his cross-demands, is greater than the claim of the plaintiff, we hold that the plaintiff’s claim is extinguished thereby.”
It seems that the result from that case, granting that there was a legal Gross-demand submitted to the court fcr trial in the action' — cross-demand against the mortgagee who had transferred the claim upon which the plaintiff had brought his action, to the plaintiff — granting that there was such a cross-demand and a trial and judgment by the court below upon the issue made as to the cross-demand, and the facts presented as to the cross-demand, the court was of the opinion, and so adjudged, that while the plaintiff had brought his suit, the mortgagee might appeal, bu't that the appeal did not open up the judgment that had been rendered upon the cross-demand of the original mortgagee against the mortgagor, both of them having been parties defendant to the”aotion. That the judgment of the court upon trial as to the validity of that mortgage was conclusive, not only upon the mortgagor and mortgagee, who were parties defendant in the action, but also as upon the plaintiff himself; that appeal did not open up that decree or judgment; that nevertheless an appeal might be taken by the plaintiff in the action. The result was, under the ruling of the court that, the court having found that the mortgage was entirely ex-tinguishd by reason of the facts shrwn in the case, there was no validity as against the mortgagor, and that, having found the amount of damages as against the morgagee in favor of the mortgagor in the cross-petition that exceeded the amount'of the mortgage, the result of the petition of the plaintiff in the action even for foreclosure was dismissed.
Now here, if this was a case proper to be tried by a jury, and was a case in which the parties were entitled to a trial by jury upon the issue made as to the cross-petition in the case — if that is so, the ruling of the court in this case would ■seem tc conclude as to the facts covered by the verdict returned by them — it would not interfere with the right to appeal as against the claim of the plaintiff upon a mechanic’s lien and an equitable proceeding which would conclude ■the matter as to the facts found and determined by the jury in a matter for consideration in this court, and if it was a *705 matter not triable to a jury, that ia, these matters set up in the answer by way of abatement or reduction here,then the whole matter would be opened for trial here, and upon the whole our view is that the case was one in which air appeal could betaken and the motion to dismiss the appeal is therefore overruled. As to hów far the parties may go into the matters that were passed upon and determined by the jury we do not undertake to say.